**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Spider Labs Limited,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>John Doe,<br><br>　　　　　Defendant. | No. MC-20-00039-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant John Doe's Motion to Quash Subpoena to GoDaddy.com, LLC ("Motion") (Doc. 1), in which Defendant seeks to quash the subpoena ("the Subpoena") issued by Plaintiff Spider Labs, Ltd. in pending litigation in federal court in the Southern District of New York, *Spider Labs, Ltd. v. Doe*, No. 20-5457 (S.D.N.Y. filed July 16, 2020) ("Underlying Litigation").

**I.     BACKGROUND**

The Underlying Litigation involves tort claims against Defendant for defamation, tortious interference with prospective economic advantage, tortious interference with a contractual relationship, and a request for injunctive relief. (Doc. 1 at 3) Plaintiff is an anti-fraud software company based in Japan. (Doc. 10 at 1–2) Defendant is an individual. (Doc. 1 at 4) Defendant sent emails under a pseudonym to some of Plaintiff's customers, containing statements about Plaintiff's honesty in its advertisements and its ability to detect fraud. (Doc. 1 at 3–4) The Subpoena seeks identifying information about Defendant from non-party GoDaddy.com so Plaintiff can determine Defendant's identity. (Doc. 1 at 3–4)

Defendant wishes to remain anonymous and claims it is his First Amendment right to do so, thus moving to quash the Subpoena. (Doc. 1 at 2)

## II.   LEGAL STANDARD

A court must grant a motion to quash a subpoena if the movant shows the subpoena "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden."[1] Federal Rule of Civil Procedure ("Rule") 45(d)(3)(A). "Civil subpoenas seeking information regarding anonymous individuals raise First Amendment concerns." *Best W. Int'l, Inc. v. Doe*, No. CV-06-1537-PHX-DGC, 2006 WL 2091695, at *3 (D. Ariz. July 25, 2006) citing *Sony Music Entm't, Inc. v. Does 1–40*, 326 F.Supp.2d 556, 563 (S.D.N.Y.2004).

## III.   DISCUSSION

Defendant alleges that his First Amendment rights would be violated if GoDaddy.com complies with the Subpoena issued in the Underlying Litigation. (Doc. 1 at 2) The Supreme Court has long recognized the First Amendment right to anonymity. *See Talley v. California*, 362 U.S. 60, 64–65 (1960); *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 343 (1995). A more recent development is the right to remain anonymous online. *McIntyre*, 514 U.S. at 341–42; *Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 870 (1997). The Ninth Circuit has discussed the history of the right to speak anonymously online and the standards used in different courts and circuits to balance discovery and the right to anonymous speech. *In re Anonymous Online Speakers*, 661 F.3d 1168, 1174–78 (9th Cir. 2011). The court noted that the right to speak anonymously is not unlimited, and that the degree of scrutiny applied to alleged infringements of the right "varies depending on the circumstances and the type of speech at issue." *Id.* at 1173. In that case, at issue was a petition for mandamus, not a subpoena, but the court found the contexts sufficiently similar when evaluating out-of-circuit case law to craft a rule. *Id.* at 1174 (subpoenas and writs are "analogous situations"). The Ninth Circuit ultimately upheld the lower court's

---

[1] The Motion is before this Court because Rule 45(d) requires that motions to quash be brought in the jurisdiction of compliance.

2

use of the standard from *Doe v. Cahill*, which "requires plaintiffs to be able to survive a hypothetical motion for summary judgment and give, or attempt to give, notice to the speaker before discovering the anonymous speaker's identity." *Id.* at 1176 citing *Doe v. Cahill*, 884 A.2d 451, 461 (Del. 2005). The court also acknowledged that an easier-to-meet standard may be proper: the *prima facie* standard, which requires a plaintiff to make a *prima facie* showing of all the elements of the underlying claim. *Anonymous Online Speakers*, 661 F.3d at 1175. That standard was applied in *Sony Music Entertainment Inc. v. Does 1-40*, which the Ninth Circuit referenced. 326 F. Supp. at 564. There, the Southern District of New York required the plaintiffs to make a "concrete showing of a prima facie claim of actionable harm." *Id.* The plaintiffs there fulfilled the standard by fully alleging the elements of their underlying claim and submitting supporting evidence. *Id.* at 565. Once either the summary judgment or *prima facie* standard is met, the court weighs the interests of the plaintiff in discovery against the First Amendment interest of the defendant. *Id.*

Though the parties dispute which is the proper standard, whether the bar is the higher summary judgment standard or the lesser *prima facie* standard, Plaintiff fails to meet it. The underlying claims are defamation, tortious interference with prospective economic advantage, tortious interference with a contractual relationship, and a request for injunctive relief. Beginning with defamation, the claim from which all others stem, Plaintiff fails to establish a *prima facie* case.

In order to succeed on a defamation claim in New York, where the Underlying Litigation is pending, a plaintiff must show that the defendant made "(1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on [the] part of the publisher; (4) that either constitutes defamation per se or caused special damages." *Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010) (internal quotations omitted). Despite the Southern District of New York's finding that Plaintiff made a *prima facie* case for defamation, after reading the briefings on the Motion, it is clear Plaintiff does not have the evidence necessary to support such a claim. Plaintiff itself states it does not have the evidence to

3

prove whether the statements Defendant made in his emails were false. (Doc. 10 at 15) Plaintiff writes in its Response to the Motion, "Additional discovery is necessary for the Court to ascertain the truth or falsity of Doe's statements" and adds that it "has no way to test any of the facts…." (Doc. 10 at 15–16) Plaintiff's allegations that the statements in Defendant's emails were false are not enough, when Plaintiff admits it has insufficient evidence to support such an allegation.[2] The most basic element of defamation therefore cannot be established at this stage in the litigation, and Plaintiff's subpoena is premature, because it cannot prove its interests outweigh Defendant's First Amendment rights.[3]

Therefore,

**IT IS ORDERED** that Defendant's Motion to Quash (Doc. 1) is **granted** pursuant to Rule 45(d)(3)(A).

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action.

Dated this 22nd day of October, 2020.

Honorable Steven P. Logan
United States District Judge

---

[2] The Court notes Plaintiff also admits some of the statements Defendant made were true, and that it did have false information in one of its press releases, though Plaintiff chalks the falsehood up to a "translation error." (Doc. 10 at 8)

[3] To the extent Plaintiff asserts other claims, the Court finds those claims rise and fall with the defamation claim and will not further discuss them.