**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Spider Labs Limited,                )        No.  MC-20-00039-PHX-SPL
                                     )
                 Plaintiff,          )
                                     )        **ORDER**
vs.                                  )
                                     )
                                     )
John Doe,                            )
                                     )
                 Defendant.          )
                                     )
                                     )

        Before this Court is Plaintiff Spider Labs Limited's Motion for Reconsideration ("Motion") filed pursuant to Federal Rule of Civil Procedure ("Rule") 54(b) and L.R. Civ. 7.2(g)[1] (Doc. 15) and Defendant John Doe's response filed in Opposition. (Doc 19) The Motion relates to the Court's October 23, 2020 Order granting Defendant John Doe's Motion to Quash and terminating the case in the District of Arizona. (Doc. 14) The Court ordered Defendant to file a response by November 23, 2020. (Doc. 18) Defendant having done so, the Motion is ready for consideration. (Doc. 19) For the following reasons, the Motion is denied.

        **I.      BACKGROUND**

        On August 13, 2020 Defendant filed a Motion to Quash Subpoena pursuant to Rule 45(d)(3)(a). The Subpoena was issued in the Southern District of New York as part of the

---

        [1] Because the October 23rd Order terminated the miscellaneous case before this Court and thus served as a final judgment, the Motion to Reconsider will be construed as a Rule 59(e) motion to alter or amend a judgment.

1    Underlying Litigation. (*Spider Labs, Ltd. v. Doe*, No. 20-5457 (S.D.N.Y. filed July 16,

2    2020)) Plaintiff sought identifying information about anonymous Defendant from non-

3    party GoDaddy.com. (Doc. 14 at 1) The Motion to Quash was filed in this District as

4    required by Rule 45(d). This Court found that Plaintiff did not meet its burden of proving

5    its interests outweighed Defendant's First Amendment right to anonymity. (Doc. 14 at 4)

6    Plaintiff now asserts that the Court improperly analyzed the evidence it provided, failed to

7    consider material facts it presented, and misapprehended one of its arguments. (Doc. 15 at

8    2)

## II.    LEGAL STANDARD

Reconsideration is disfavored and "appropriate only in rare circumstances." *WildEarth Guardians v. United States Dep't of Justice*, 283 F.Supp.3d 783, 795 n.11 (D. Ariz. June 21, 2017); *see also Bergdale v. Countrywide Bank FSB*, No. CV-12-8057-PCT-SMM, 2014 WL 12643162, at \*2 (D. Ariz. May 23, 2014) ("[Reconsideration] motions should not be used for the purpose of asking a court to rethink what the court had already thought through-rightly or wrongly."). A motion for reconsideration is best used when the Court is "(1) presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension … Such problems rarely arise and the motion to reconsider should be equally rare." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (internal citations omitted). Under LRCiv 7.2(g), "[n]o motion for reconsideration ... may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." *Id.*

## III.    DISCUSSION

Plaintiff argues that the Court failed to properly consider the evidence and facts

1   presented at the time of the Motion to Quash. (Doc. 15 at 2) It also argues the Court

2   "misapprehended one or more argument set forth by Spider Labs." (Doc. 15 at 2) Plaintiff

3   also essentially repeats its arguments from its Response to the Motion to Quash, which is

4   unacceptable under LRCiv 7.2(g).

5       To the extent the Court erred by failing to address the "defamatory statements"

6   individually within its Order, the error is harmless because the Court found the "evidence"

7   presented by Plaintiff is not sufficient to make a *prima facie* showing of defamation.

8   Though Plaintiff is effectively asking the Court to rethink what it already thought, the Court

9   will now go through each statement and show why the evidence presented is insufficient.

10      **1. "Doe was running an article about Spider Labs and its product, SpiderAF,**

11          **on his blog." (Doc. 10 at 11)**

12          This statement, whether or not it is true, cannot be defamatory to Plaintiff. It is

13      not about Plaintiff; it is about Defendant's article. It is irrelevant to the defamation

14      claim.

15      **2. "Spider Labs's technology is not based on artificial intelligence." (Doc. 10**

16          **at 11–12)**

17          Plaintiff provided statements that were so-called evidence of this statement's

18      falsity in its Response to the Motion to Quash by providing a Declaration from its

19      Chief Technical Officer. (Doc. 11) The Declaration did not contain any statements

20      that plainly addressed this statement or showed one way or another that Spider Labs

21      uses artificial intelligence. There are two statements that explain the features of the

22      Spider Labs platform and explain that the platform's functionality varies depending

23      on the needs of the user. (Doc. 11 ¶¶12–13) These explanations may be true as to

24      Spider Labs' platform and functionality but they do not confirm or deny whether

25      the technology is based on artificial intelligence and thus are not evidence as to the

26      falsity of Defendant's statement. Plaintiff did not provide any other statements or

27      evidence showing that this statement was false.

28      **3. "Spider Labs is defrauding its clients." (Doc. 10 at 12)**

3

1
2
3
4
5
6
7
8
9

     This statement goes to the heart of the claim. While this Court did not and will not decide whether it is true, Plaintiff has not shown evidence that its clients are not being defrauded. The statements about the recognition Spider Labs has received as well as the kinds of features of the platform do not definitively show its clients are receiving the kind of protection for which they are paying. Merely stating "Spider Labs is leading provider of anti-Ad Fraud services" does not go to the truthfulness of the above statement. (Doc. 11 at 10) Indeed, Plaintiff previously stated additional discovery was necessary to ascertain the truthfulness or falsity of the statements. (Doc. 10 at 15)

10

**4. "Spider Labs's clients are not protected from fraud." (Doc. 10 at 12)**

11
12

    For the same reasons as the above statement, Plaintiff has not shown evidence that this statement is false.

13
14

**5. "[Doe] had hired a team of engineers to test Spider Labs's technology." (Doc. 10 at 12)**

15
16

    This statement, whether or not it is true, cannot be defamatory to Plaintiff. It is not about Plaintiff; it is about Defendant. It is irrelevant to the defamation claim.

17

**6. "[T]here is nothing behind Spider Labs's platform." (Doc. 10 at 12)**

18
19
20
21
22

    The Court acknowledges that the broad nature of this statement makes it difficult to refute or confirm. However, the statements Plaintiff did provide, as characterized by Defendant, are "generic marketing language that [do] not prove any of Doe's statements are false." (Doc. 19 at 7) As broad as Defendant's statement is, Plaintiff's statements are broader.

23

**7.** "**Spider Labs's platform cannot detect fraud." (Doc. 10 at 12)**

24
25

    For the same reasons as the above statement, Plaintiff has not shown evidence that this statement is false.

26

**8. Spider Labs is not accredited by the Media Rating Council (Doc. 10 at 8)**

27
28

    This statement has been heavily discussed in the briefings. Plaintiff has already acknowledged its translation error and that this statement is no longer part

1   of the claim for defamation. There is no need to further parse this statement.

2        As stated in the Court's October 23, 2020 Order, mere assertions that statements are

3   defamatory are not sufficient evidence to establish a *prima facie* case of defamation. (Doc.

4   14 at 3–4)

5   **IV.**   **CONCLUSION**

6        This Court properly considered the evidence and facts presented at the time of the

7   Motion to Quash. The Court will not reconsider arguments repeated from the Motion to

8   Quash papers. To the extent that the Court misapprehended any of Plaintiff's arguments,

9   the error was harmless.

10        Therefore,

11        **IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 15) is **denied**.

12        **IT IS FURTHER ORDERED** that this case shall remain closed.

13        Dated this 30th day of November, 2020.

14

15                        Honorable Steven P. Logan

16                        United States District Judge